# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE POPE, | CV F  99-5445 DLB HC |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION PURSUANT TO RULE 60(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE |
| v. | |
| RANDOLPH CANDELARIA, | [Doc. 65] |
| Respondent. | |

## PROCEDURAL BACKGROUND

On September 12, 2002, this Court issued an order denying the petition for writ of habeas corpus. On October 3, 2002, this Court denied Petitioner's request for a certificate of appealability. (Court Doc. 35.)

On December 22, 2003, the Ninth Circuit issued a memorandum, vacating the order denying the petition and remanded the matter to this Court to conduct an evidentiary hearing on the following questions:

1) Was there a pre-trial conference where it was proposed that this statement be made?
2) Who was present at this conference, and who proposed use of the offensive word?
3) Was Pope aware beforehand that the statement would be made?
4) Did Pope actually consent to the use of this specific word?
5) And if he did consent, was any such consent informed?

(Memorandum of the Ninth Circuit, issued December 22, 2003, Court Doc. 44.)

On February 19, 2004, the Court ordered an evidentiary hearing to address the questions. The evidentiary hearing was held on May 27, 2004.

1

On January 12, 2005, the Court issued findings regarding the Ninth Circuit's factual inquiries and judgment was entered this same date.

On July 20, 2005, Petitioner filed a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Court Doc. 65.) Respondent filed an opposition on August 2, 2005. (Court Doc. 70.). Petitioner filed a reply on August 12, 2005. (Court Doc. 73.) On August 19, 2005, the Court heard oral argument on Petitioner's motion.

DISCUSSION

A.   Rule 60(b) Motion

Rule 60(b) of the Federal Rules of Civil Procedure provides:

> ... the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: *(1) mistake, inadvertence, surprise, or excusable neglect*; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P 60(b) (emphasis added.)

In his motion for reconsideration, Petitioner's counsel states that she was on maternity leave from November 29, 2004 to May 31, 2005. Counsel attempted to designate her secretary to receive the electronic notification of the Court's order when issued. However, CM/ECF[1] did not allow for the designation to take effect until January 1, 2005. Counsel's secretary believed she had designated herself to receive the electronic notification; however, her attempt failed. Neither Petitioner's counsel nor her secretary became aware of the Court's January 12, 2005, order until July 13, 2005.

Petitioner has not met his burden of demonstrating he is entitled to relief under Rule 60(b). Petitioner notes that this Court's appointment order limited the issue to be addressed at the evidentiary hearing to the specific five questions raised by the Ninth Circuit. Thus, Petitioner

---

[1] "CM/ECF" refers to this Courts Case Management Electronic Case Files.

2

contends that he was prevented from raising additional evidence as to his claim of ineffective assistance of trial counsel due to conflict of interest. Petitioner contends that the Court's January 12, 2005, order addressing all the claims including the ineffective assistance of counsel claim was in conflict with the evidence she would have sought to introduce at the evidentiary hearing, if she believed she could have done so.

In its order the Ninth Circuit vacated the judgment and remanded to this court with specific instructions to hold an evidentiary hearing. Once the hearing had been held and findings reached, this Court had no other alternative but to re-issue a complete final judgment addressing all the claims raised in the petition.[2] At oral argument, Petitioner conceded as much. Petitioner's contention that the Court was mistaken or that he was surprised by the issuance a final judgment on all the claims raised in the petition is without merit and does not entitle him to relief under Rule 60(b)(1). There was no mistake for the Court to issue a final order addressing the issues raised at the evidentiary hearing and the other claims in the petition.[3] Nor is there relief based on the fact that counsel engaged in "excusable neglect" for failing to request the Court to consider the new evidence as to the ineffective assistance of counsel claim. The Court's January 12, 2005, order did not re-analyze redress that claim, but rather merely re-issued the Court's September 12, 2002 ruling as to that claim.

Petitioner's attempt to vacate and reinstate the judgement is a transparent attempt to to obtain relief for failure to file a timely notice of appeal.[4] See Hayward v. Britt, 572 F.2d 1324

---

[2] In fact, the Court's January 12, 2005, judgment is identical in all material respects to the September 12, 2002 judgment, but for the additional findings based on questions addressed at the evidentiary hearing.

[3] Further, there was no mistake in the Court's naming of an improper Respondent. At oral argument, Petitioner contended the Court named an improper Respondent as Petitioner was transferred to a different facility. Petitioner's contention is without merit. The failure to name a proper respondent merely requires dismissal of his habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see, also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976). This Court has jurisdiction over this case as at the time it was filed Petitioner properly named Warden Candelaria as Respondent and any subsequent transfer does not divest this Court of jurisdiction.

[4] Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure provide:
   In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the
   notice of appeal required by Rule 3 must be filed with the district clerk within 30
   days after the judgment or order appealed from is entered.

(9th Cir. 1978). A motion seeking an extension of time to file an appeal must be filed "no later than 30 days" after the expiration of the appeal period prescribed by the rule. Fed. R. Civ. P. 4(a)(1)(A). No extension shall exceed thirty days past the prescribed time or ten days from the entry of the order. Fed. R. Civ. P. 4(a)(5)(A)(i)-(ii),(C). Plaintiff can obtain no relief under Rule 4 because he did not discover that the judgment had been entered until the maximum time for an extension under the rule had expired. See Fed. R. Civ. P. 4(a)(5)(A)(i)-(ii), 4(a)(6)(A)-(C). Plaintiff, therefore, sought relief under Rule 60(b)(1). Such an attempt is improper and is not grounds for relief under Rule 60(b).

B.     Relief on Grounds of Equity

In the alternative, Petitioner contends that he is entitled to relief based on principles of equity. Petitioner cites 28 U.S.C. § 2243 which provides that federal courts shall "dispose of [habeas corpus petitions] as law and justice require." Petitioner requests that "even if relief is unavailable through the Federal Rules of Civil Procedure, this Court should follow case law and Section 2243 and give [Petitioner] what is fair and just: a chance to have the Ninth Circuit consider his claim on the basis of the record created in this Court." (Motion, at 20.)

Petitioner provides no authority, and this Court has not found any, that as a matter of equity he is entitled to relief from failing to file a timely notice of appeal.

C.     Ineffective Assistance of Counsel

Petitioner further contends that the incompetence of counsel is sufficient grounds to warrant relief under Rule 60(b). Petitioner's counsel declares that her own "grossly ineffective performance" was solely responsible for Petitioner's failure to file a timely notice of appeal. An attorney's incompetence is not a ground for relief under Rule 60(b). Allmerica Financial Life Ins and Annuity Co. v. Llewellyn, 139 F.3d 664, 666 (9th Cir. 1997) (citing Engleson v. Burlington Northern R. Co., 972 F.2d 1038 (9th Cir. 1992). Nor is an ineffective assistance of counsel claim an independent ground for relief from failing to file a notice of appeal. See Fed. R. Civ. P. 4(a)(1)(A), 4(a)(5)(A)(i)-(ii), 4(a)(6)(A)-(C); see also Browder v. Director, Dept. of Corrections

of Ill., 434 U.S. 257, 263 n.7 (1978)[where habeas petitioner fails to file timely notice of appeal following judgment, a motion under rule 60(b) "does not toll the time for appeal from, or affect the finality of, the original judgment."]

      The Court is aware that the result may seem harsh; however, this Court is confined to follow the applicable law and there is no basis upon which this Court can grant Petitioner relief. Based on the foregoing, Petitioner's Rule 60(b) motion for reconsideration is DENIED.

      IT IS SO ORDERED.

      Dated: **August 26, 2005**            **/s/ Dennis L. Beck**
3b142a                                     UNITED STATES MAGISTRATE JUDGE