# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE POPE, | CV F   99-5445 DLB HC |
| Petitioner, | ORDER GRANTING PETITIONER'S REQUEST FOR CERTIFICATE OF APPEALABILITY |
| v. | |
| RANDOLPH CANDELARIA, | [Doc. 82] |
| Respondent. | |

On September 12, 2002, this Court issued an order denying the petition for writ of habeas corpus. On October 3, 2002, this Court denied Petitioner's request for a certificate of appealability. (Court Doc. 35.)

On December 22, 2003, the Ninth Circuit issued a memorandum, vacating the order denying the petition and remanded the matter to this Court to conduct an evidentiary hearing on the following questions:

1) Was there a pre-trial conference where it was proposed that this statement be made?
2) Who was present at this conference, and who proposed use of the offensive word?
3) Was Pope aware beforehand that the statement would be made?
4) Did Pope actually consent to the use of this specific word?
5) And if he did consent, was any such consent informed?

(Memorandum of the Ninth Circuit, issued December 22, 2003, Court Doc. 44.)

On February 19, 2004, the Court ordered an evidentiary hearing to address the questions. The evidentiary hearing was held on May 27, 2004.

On January 12, 2005, the Court issued findings regarding the Ninth Circuit's factual

1 inquiries and judgment was entered this same date.

2 On July 20, 2005, Petitioner filed a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Court Doc. 65.) Respondent filed an opposition on August 2, 2005. (Court Doc. 70.). Petitioner filed a reply on August 12, 2005. (Court Doc. 73.) On August 19, 2005, the Court heard oral argument on Petitioner's motion. On August 29, 2005, the Court denied Petitioner's motion for relief from judgment. (Court Doc. 76.)

On September 28, 2005, Petitioner filed a notice of appeal and, on September 29, 2005, Petitioner filed a request for a certificate of appealability. (Court Docs. 79, 82.)

## DISCUSSION

The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In the instant case, the Court finds that Petitioner has made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby GRANTS

///

///

///

1  Petitioner's a certificate of appealability as to the following issue: Whether the time for filing an
2  appeal should be excused based on counsel's error in failing to file a timely notice of appeal as to
3  the Court's January 12, 2005.

4      IT IS SO ORDERED.

5      Dated:    October 6, 2005             /s/ **Dennis L. Beck**
   3b142a                                  UNITED STATES MAGISTRATE JUDGE